# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FATIN YOUSIF,**

      **Plaintiff,**

v.                                                         Case No: 6:17-cv-1307-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

# MEMORANDUM OF DECISION

Fatin Yousif (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by: 1) giving little weight to the medical opinions of Drs. Todd Gates and Abdulmassih Abdulmassih for reasons that are not supported by substantial evidence; and 2) applying improper legal standards when making a finding on Claimant's credibility. Doc. No. 19 at 15-20, 31-35. Claimant requests that the Commissioner's final decision be reversed and remanded for further proceedings. *Id.* at 40. For the reasons stated below, it is **ORDERED** that the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.     FACTUAL BACKGROUND

On July 19, 2013, Claimant filed her SSI application alleging a disability onset date of July 19, 2013. R. 10, 104. On November 19, 2013, Claimant's application was denied initially. R. 10. On February 11, 2014, Claimant's application was denied upon reconsideration. *Id.* On March 5, 2014, Claimant requested a hearing before an ALJ. R. 132. On March 30, 2016, Claimant attended

a hearing before the ALJ. R. 40-89. On June 22, 2016, the ALJ issued an unfavorable decision finding Claimant not disabled. R. 10-19. Claimant requested review of the ALJ's decision, but the Appeals Council denied Claimant's request on May 25, 2017. R. 1-4. On July 17, 2017, Claimant filed this appeal. Doc. No. 1.

## II. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must take into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (citations and quotations omitted).

## III. WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's handling of medical opinions, "substantial-evidence review ... involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 F. App'x. 929, 931 (11th Cir. 2013).[1] In *Winschel v. Comm'r of Soc.*

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

*Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (finding that a failure to state with particularity the weight given to medical opinions and the reasons therefor constitutes reversible error).

Absent good cause, the opinion of a treating physician must be given substantial weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

"The ALJ must state the grounds for his decision with clarity to enable [the court] to conduct meaningful review …. Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which [the court] can review [a claimant's] case." *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010). With regard to an ALJ's findings regarding a claimant's residual functional capacity ("RFC"), "the ALJ must link the RFC assessment to specific evidence in the record bearing upon

the claimant's ability to perform the physical, mental, sensory, and other requirements of work." *Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at * 6 (S.D. Ala. Sept. 4, 2012). "Such linkage, moreover, may not be manufactured speculatively by the Commissioner … on appeal, but rather, must be clearly set forth in the ALJ's decision." *Hunter v. Colvin*, No. CA 2:12–00077–C, 2013 WL 1219746, at * 9 (S.D. Ala. Mar. 25, 2013) (citing authority).

## IV. ANALYSIS

### A. Dr. Gates

On November 2015, Claimant was admitted to the Circles of Care facility in Melbourne, Florida. R. 525. Claimant was diagnosed with post-traumatic stress disorder, had suicidal ideations, and had a depressed and anxious mood.[2] R. 525-26. Claimant denied any hallucinations and was alert and oriented as to her person and place, but it was difficult to tell if she was oriented as to time. R. 525. Claimant did not appear to be responding to internal stimuli and her speech did not appear to be sequential. R. 525-26. Claimant was given a Global Assessment of Functioning Score ("GAF Score") of 65. R. 526. Upon discharge, Claimant was pleasant, cooperative, and her mood was improved. *Id.* Claimant denied suicidal and homicidal thoughts, was oriented in all spheres, and had intact judgment. R. 526-27. There was no evidence of psychosis and her symptoms from anxiety were improved. R. 527.

At a December 16, 2015 follow-up appointment, Claimant presented casually dressed with good hygiene and well-organized thoughts. R. 529. Claimant also denied suicidal or homicidal ideations and any hallucinations. *Id.* Claimant was found to be sad and tearful at times but was oriented in all spheres and competent to consent to treatment. *Id.*

---

[2] According to Claimant, she is a professional writer from Iraq and had a husband who was presumably murdered in a robbery. R. 538. Claimant also stated that she had six relatives killed in the 1991 and 2003 wars in Iraq and was abused by a local physician. *Id.*

On January 26, 2016, Claimant presented to Circles of Care's Dr. Todd Gates, a treating physician, with symptoms of severe post-traumatic stress disorder.[3] R. 538. Dr. Gates noted that Claimant had nightmares, flashbacks, and unwanted memories, but denied any intentions of wanting to take her life or harm others. R. 538-39. Dr. Gates also noted that Claimant's judgment and impulse control are reasonable, and her "intellect is above average as she is a successful writer." R. 539. Dr. Gates prescribed Prozac and noted that he would see Claimant in a month. *Id.*

In a February 23, 2016 treatment note, Dr. Gates noted that Claimant was cheerful, but also depressed and uncertain about the future. R. 541. Claimant still had nightmares, flashbacks, and unwanted memories, but her cognitive functions are intact, her memories are well-preserved, and her intellect was far above-average. *Id.* Dr. Gates also noted that Claimant is benefitting from Prozac. R. 542.

In a March 22, 2016 treatment note, Dr. Gates stated that Claimant had no psychotic processes, and her impulse control and judgment are excellent. R. 544. Claimant denied any auditory or visual hallucinations. *Id.* Dr. Gates found the remainder of Claimant's mental assessment to be unremarkable. *Id.*

On March 29, 2016, Dr. Gates completed a Medical Opinion Re: Ability To Do Work-Related Activities (Mental) Form (the "MRFC Form"). R. 547-48. In the MRFC Form, Dr. Gates found that Claimant was either seriously limited or was unable to meet competitive standards in the following areas: maintaining attention for two-hour segments; sustaining an ordinary routine without special supervision; making simple work-related decisions; completing a normal workday and workweek without interruptions from psychologically based symptoms; getting along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes;

---

[3] Dr. Gates did not treat Claimant until January 26, 2016. R. 538. The previously-referenced treatment notes from Circles of Care were from other medical professionals working at the facility. R. 525-31.

understanding, remembering, and carrying out detailed instructions; and interacting appropriately with the general public.[4] *Id.* Dr. Gates also found that Claimant would be absent from work more than four days per month due to her mental impairments. R. 548.

In her decision, the ALJ discussed the Circles of Care treatment notes and the MRFC Form:

> [Claimant] was treated by Circles of Care in 2015-16 on a couple of occasions. First, <u>in 2015</u>, she was Baker Acted due to suicidal ideation involving an overdose of sleeping pills …. [Claimant's] hygiene was adequate, but her mood was anxious and depressed. However, <u>she was oriented times two and denied hallucinations …. At discharge, [Claimant] was pleasant, cooperative, with improved mood and no more than mildly depressed. She denied any suicidal/homicidal thoughts, plan, or intention. She was fully oriented in all spheres, her judgment was intact and there was no evidence of psychosis.</u> Later, <u>in 2016</u>, [Claimant] again presented due to thoughts of suicide. She complained of flashbacks and nightmares. However, <u>her medications were reportedly working well without side effects, she had a eurythmic mood, and denied delusions, paranoia, and showed good judgment</u>. She was given a GAF score of 65.
>
> <u>Todd Gates, provided [the MRFC Form] somehow concluding that [Claimant] would miss more than four days of work per month due to symptoms related to her impairments, and that she was essentially unable to complete even simple tasks.</u>

R. 17 (citations omitted) (emphasis added). Thus, the ALJ noted that the MRFC Form's findings conflicted with those found in the Circle of Care treatment notes, particularly those found in Dr. Gates' 2016 treatment notes. *Id.* The ALJ then gave little weight to the MRFC Form because it was not supported by Dr. Gates' treatment notes or by other substantial evidence of record. *Id.* The ALJ also gave weight to a state agency consultant's opinion finding that Claimant had the mental capacity to perform simple tasks, finding it to be consistent with the evidence of record. *Id.*

---

[4] According to the MRFC Form, "seriously limited" means that the claimant has noticeable difficulty in performing a certain task from eleven to twenty percent of the workday or workweek. R. 547. "Unable to meet competitive standards" means that the claimant has noticeable difficulty in performing a certain task from twenty-one to forty percent of the workday or workweek. *Id.*

Claimant argues that the ALJ applied improper legal standards to the MRFC Form for two reasons. First, Claimant argues that the ALJ failed to cite any of Dr. Gates' treatment notes that contradicted the MRFC Form. Doc. No. 19 at 18. Second, Claimant argues that the ALJ erred by giving greater weight to a state agency consultant's opinion than to the MRFC Form. *Id.* at 18-20. Both arguments are unavailing. Claimant's first argument ignores the fact that the ALJ recognized Dr. Gates' 2016 treatment notes but then stated that Dr. Gates "somehow found" that Claimant would miss more than four days of work per month and was essentially unable to complete simple tasks. R. 17. The ALJ's statement shows that she found contradictions between Dr. Gates' treatment notes, which the ALJ expressly noted indicate Claimant's medications were working well, and the MRFC Form. *Id.*

With regard to Claimant's second argument, this Court has stated that when "an ALJ properly rejects the opinions of a claimant's treating sources, the ALJ may rely on the opinion of a non-examining, state agency medical or psychological consultant where the record otherwise supports the opinion." *Braun v. Berryhill*, No. 8:16-cv-794-T-DNF, 2017 WL 4161668, at * 7 (M.D. Fla. Sept. 20, 2017). *See also Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x. 869, 874 (11th Cir. 2011) (finding that the ALJ did not err in giving significant weight to the opinion of a state agency medical consultant where the ALJ appropriately discounted treating physician's opinion).[5] Here, the ALJ found that Dr. Gates' treatment notes and other treatment notes from medical professionals working at Circles of Care contradicted the MRFC Form, and thus, provided good cause reasons to give little weight to it. R. 17; *Phillips*, 357 F.3d at 1240-41. The

---

[5] Claimant cites an Eleventh Circuit reported decision, *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001) in support of her argument. Doc. No. 19 at 19. The Court in *Vega* did not address the issue of whether an ALJ may give more weight to a state agency consultant's opinion than a treating physician's opinion that was properly discounted. *Id.* at 1219-20. Instead, the Eleventh Circuit found that the ALJ committed reversible error by failing to consider, or even discuss, a diagnosis of Chronic Fatigue Syndrome from two treating physicians. *Id.* Thus, *Vega* does not apply to this case.

ALJ then gave weight to the state agency consultant's opinion because it was found to be consistent with the record evidence. R. 17. Given the foregoing, the ALJ's reasons for giving little weight to the MRFC Form are supported by substantial evidence, and thus, there was no reversible error in the ALJ's treatment of the same. *See Jarrett*, 422 F. App'x at 874.

### B. Dr. Abdulmassih

On July 28, 2010, Claimant first presented to Dr. Abdulmassih with complaints of neck pain. R. 312. Claimant would visit Dr. Abdulmassih on four other occasions between September 22, 2010 and March 25, 2013.[6] R. 301-11. On March 9, 2016, Dr. Abdulmassih completed a Physical Restrictions Evaluation Form (the "PRE Form"). R 550-52. In the PRE Form, Dr. Abdulmassih made the following findings. Claimant can sit without interruption for fifteen to thirty minutes; Claimant can stand and/or walk without interruption for twenty to thirty minutes; in an eight-hour workday, Claimant can sit for four hours, stand and walk for two hours, and recline for four hours, but should lie down to rest every one to two hours for fifteen to thirty minutes; Claimant should not lift and/or carry five pounds or more; Claimant should never climb, stoop, crouch, kneel, or crawl; due to her back and neck pain, Claimant has difficulty reaching above her head, pushing, and pulling; Claimant cannot repetitively use her feet or hands on a sustained basis over an eight-hour period. *Id.*

The ALJ found that Claimant has the RFC to: lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; stand and/or walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally climb ladders, ropes, and scaffolds; avoid moderate exposure to loud noise, vibration, hazards, fumes, odors, dust, and gases; concentrate and persist for simple tasks; and occasionally interact with others. R. 14. The ALJ then gave little

---

[6] Dr. Abdulmassih's treatment notes state that Claimant's visits occurred on September 22, 2010; June 20, 2011; March 15, 2013; and March 25, 2013. R. 301-11.

weight to the PRE Form, finding that it was not supported by Dr. Abdulmassih's treatment notes and other evidence of record. R. 17. Despite making this finding, the ALJ did not cite to any specific treatment note from Dr. Abdulmassih or otherwise explain how his records contradicted the PRE Form. *Id.*

Claimant argues that the ALJ committed reversible error by failing to identify any treatment notes from Dr. Abdulmassih that contradicted the PRE Form. Doc. No. 19 at 18. As stated previously, the ALJ is required to explicitly state the weight given to a medical opinion and the reasons therefor. *See Winschel*, 631 F.3d at 1178-79. Conclusory findings stating that a medical opinion is inconsistent with or not bolstered by the medical record are insufficient to show that the weight given to a specific medical opinion is supported by substantial evidence. *See Anderson v. Astrue*, No. 3:12–cv–308–J–JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (noting that an ALJ must do more than recite a good cause reason to reject a treating physician's opinion and must articulate evidence supporting that reason) (citing authority); *Poplardo v. Astrue*, No. 3:06–cv–1101–J–MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to a physician's opinion requires remand); *Paltan v. Comm'r of Social Sec.*, No. 6:07–cv–932–Orl–19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [a medical] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."); *Wilson v. Colvin*, No. 3:14–CV–163–J–MCR, 2015 WL 631371, at * 3 (M.D. Fla. Feb. 13, 2015) (citing authority and finding reversible error because "[w]hile the ALJ found [that a physician's] opinion was inconsistent with his own treatment records, the ALJ failed to offer an explanation for this finding or identify the inconsistencies to which he referred.").

Here, the ALJ recognized Dr. Abdulmassih's treatment notes and the PRE Form in certain parts of her decision.[7] R. 15, 16. The ALJ, however, failed to identify any specific contradictions between those documents. R. 15, 16, 19. The ALJ's error is not harmless because the PRE Form contains limitations that are more restrictive than Claimant's RFC. R. 14, 550-52. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding an ALJ's error to be harmless if it is clear that the error would not affect the ALJ's decision). Given the foregoing, remand is necessary.[8]

The ALJ failed to identify any of Dr. Abdulmassih's treatment notes that contradict the PRE Form, and thus, her reasons for giving little weight to it are not supported by substantial evidence. On remand, the ALJ must state the weight given to the PRE Form and the reasons therefor. *See Winschel*, 631 F.3d at 1178-79. For such reasons to constitute substantial evidence, the reasons must be accompanied by specific medical findings and supporting record citations.[9]

## V. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1) The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2) The Clerk is directed to award judgment in favor of Claimant and to close the case.

---

[7] The ALJ recognizes Dr. Abdulmassih's treatment notes and the PRE Form when providing a general summary of the medical evidence. R. 15-16.

[8] The Commissioner also argues that there is no reversible error in the ALJ's treatment of the PRE Form because "[Claimant] fails to establish [that] Dr. Abdulmassih was a treating source." Doc. No. 19 at 23. The Commissioner's argument is unavailing because the ALJ is required to state the weight given to *every* medical opinion, and the reasons therefor must be supported by substantial evidence. *See supra* pp. 2-4, 9. Thus, the issue of whether Dr. Abdulmassih is a treating physician is immaterial. On remand, however, the ALJ should clarify whether Dr. Abdulmassih is a treating physician.

[9] Because the above-referenced issue is dispositive, there is no need to address Claimant's argument regarding the ALJ's credibility finding. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin*, 625 F. App'x at 963 n. 3 (no need to analyze other issues when case must be reversed due to other dispositive errors); Doc. No. 19 at 31-35. The ALJ, however, should consider Claimant's argument on remand.

**DONE and ORDERED** in Orlando, Florida on June 14, 2018.

*/s/ Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Bradley K. Boyd
Suite D
1310 W Eau Gallie Blvd
Melbourne, FL 32935

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Denise Pasvantis
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224